UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MELISSA PEDDIE

Plaintiff,  CASE NO.: 5:22-cv-00149-MW-MJF

v.

CALHOUN-LIBERTY HOSPITAL
ASSOCIATION, INC. d/b/a CALHOUN-
LIBERTY HOSPITAL

Defendant.
_____/

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT
CALHOUN LIBERTY HOSPITAL'S MOTION TO DISMISS**

Defendant Calhoun-Liberty Hospital Association, Inc. d/b/a Calhoun Liberty Hospital ("Calhoun Liberty Hospital"), pursuant to this Court's November 7, 2022, Order for Reply (Doc. 24), files this Reply supporting its motion to dismiss Plaintiff's Amended Complaint ("Motion") (Doc. 18) and to address Plaintiff's arguments made in response to the Motion (Doc. 23). In support thereof, Calhoun Liberty Hospital states:

**I.    Plaintiff Failed to Exhaust her Administrative Remedies for her Title VII Claim.**

Count I of the Amended Complaint alleges retaliation in violation of Title VII and seeks to recover damages under the Civil Rights Act of 1964, 42 U.S.C. § 2000e

et seq. and 42 U.S.C. § 1981a. Calhoun Liberty Hospital raises the issue of failure to exhaust the Title VII claim to avoid waiving this defense as Plaintiff's Charge is devoid of any facts that explain how Calhoun Liberty Hospital allegedly exerted any influence over her current employer such that she was targeted by her employer for termination and a hostile work environment was created.  Calhoun Liberty Hospital's Motion calls the question as to whether Plaintiff needed to provide the who, what, where, when and why in her Charge or whether it is merely sufficient for Plaintiff to make vague references to retaliation without providing any substance. Calhoun Liberty Hospital recognizes that "the failure to make specific factual allegations in a charge does not necessarily preclude judicial review of those allegations." *See Kelly v. Dun & Bradstreet, Inc.*, 557 F. App'x 896, 899 (11th Cir. 2014).  However, Calhoun Liberty asserts that some detail must be included in the Charge, otherwise it has no way to determine whether the Amended Complaint describes new acts of retaliation that have not been exhausted.

Further, a plain reading of the Charge (Doc. 18-1), and Plaintiff's interview responses (Doc. 12-1, p. 2), indicate Plaintiff alleged Calhoun Liberty Hospital negatively affected her current employment by attempting to get her employer to fire her.  The Charge does not describe what retaliatory acts were undertaken eleven years after her initial lawsuit was filed or how the alleged retaliation was causally connected to the 2009 lawsuit.  It is clear from the interview that the alleged

retaliation is not related to the filing of her 2009 lawsuit, or any complaints related to the terms and conditions of her employment with Calhoun Liberty Hospital, but instead is related to a July 2020 incident, and mutual complaints filed by the parties after the incident, regarding the patient care provided. (Doc. 12-1, pg. 4). The events in 2020 occurred eleven years after the filing Plaintiff's lawsuit and four years after Plaintiff's last employment with Calhoun Liberty Hospital. The events in 2020 and 2021 are unrelated to any terms or conditions of Plaintiff's employment while she was employed with Calhoun Liberty Hospital.

It also appears from the Amended Complaint, and the attached interview, that ongoing business discussions between Calhoun Liberty Hospital and Liberty County regarding who should run the ambulance service have put Plaintiff in fear for her job. (Doc. 12, ¶¶ 34 – 36; Doc. 12-1, p. 5 – 6 and 8). Plaintiff asserts Calhoun Liberty Hospital's motivation for these business discussions is to retaliate against her for filing the 2009 lawsuit by gaining control of the ambulance service so it can either terminate or demote her. (Doc. 12, ¶ 36; 12-1, p.8). This begs the question whether Calhoun Liberty Hospital can be held hostage to complaints of retaliation in perpetuity for engaging in business discussions with Liberty County that have no evident causal connection to Plaintiff's 2009 lawsuit from the face of the Amended Complaint.

## II.  Plaintiff Fails to State a Claim for Post-Employment Retaliation.

Contrary to Plaintiff's argument in her Preliminary Statement, Calhoun Liberty Hospital does not assert in its Motion "that retaliatory, post-employment actions are not illegal." (Doc. 23, p. 1). Instead, Calhoun Liberty Hospital's Motion shows that Plaintiff has failed to properly state a claim for relief under Title VII for post-employment retaliation.

Examples of viable post-employment retaliation claims include: filing a meritless lawsuit against a former employee who files a charge of discrimination and participates in a federal discrimination lawsuit against the employer;[1] making allegedly false statements about a former employee right after the employee files a Title VII discrimination lawsuit;[2] using former employee's past FMLA leave as a motivating factor in refusing to rehire the employee three months after he resigned;[3] making public statements before, and around a year after, the settlement of employee's discrimination claim that resulted in employee being blacklisted and denied employment opportunities;[4] calling employee seventeen times to disrupt her unemployment compensation hearing one month after filing a discrimination

---

[1] *Stewart v. Jones Util. & Contracting Co. Inc.*, 806 F. App'x 738, 743 (11th Cir. 2020); *see also Phillips v. M.I. Quality Lawn Maint., Inc.*, No. 10-20698, 2010 WL 4237619, at *5 (S.D. Fla. Oct. 21, 2010).
[2] *Betts v. Pampano Lanes, Inc.*, No. 16--60223-CV, 2017 WL 7794604, at *3 (S.D. Fla. July 26, 2017).
[3] *Smith v. BellSouth Telecommunications, Inc.*, 273 F.3d 1303, 1314 (11th Cir. 2001).
[4] *Hicks v. Lee Cnty. Sch. Dist.*, No. 215CV254FTM29DNF, 2015 WL 6736748, at *2 (M.D. Fla. Nov. 4, 2015).

complaint[5]; filing a Florida Bar complaint against a former employee (paralegal) eight days after receiving a letter from the former employee outlining potential claims, including age discrimination.[6] The two elements each of these viable claims have in common are that: (i) the alleged retaliation by the former employer was a reaction to an employee's complaints about discrimination or retaliation related to their employment and (ii) the retaliation occurred within two years of the employee acting on the complaint. Both elements are missing from Plaintiff's Title VII retaliation claim.

Plaintiff's Amended Complaint attempts to link the following three separate and discrete actions to establish a pattern of retaliation supporting her cause of action for post-employment retaliation:

- Plaintiff's filing of a Title VII lawsuit in 2009;
- Calhoun Liberty Hospital's failure to hire Plaintiff for a permanent position, after hiring her for a temporary position, in 2016;[7] and

---

[5] *Rodriguez v. Miami Dade Cnty.*, No. 8:15-CV-1621-T-23AAS, 2018 WL 1858147, at *3 (M.D. Fla. Apr. 18, 2018), aff'd sub nom. *Rodriguez v. Miami Dade Cnty. Pub. Hous. & Cmty. Dev.*, 776 F. App'x 625 (11th Cir. 2019).
[6] *Ritchie v. Matthew A. Dolman, P.A.,* No. 20-61047-CIV, 2021 WL 650349, at *5 (S.D. Fla. Feb. 19, 2021).
[7] Calhoun Liberty Hospital moved to dismiss any claim for damages related to the 2016 failure to hire allegations as time barred because Plaintiff's initial disclosures suggested she was seeking lost income from September 2016 through the present (Doc. 14 at C). Plaintiff concedes the 2016 failure to hire allegations cannot provide a basis for any monetary relief in her Response, but asserts the allegations are relevant evidence that Calhoun Liberty Hospital's actions were a pretext for retaliation. (Doc. 23, p. 5) The admissibility of the events in 2016 at trial is not at issue in the Motion and will not be addressed further in this Reply.

- Complaints made by individuals affiliated with Calhoun Liberty Hospital in 2020 against Plaintiff to a licensing board and her current employer.

However, the only link between the alleged events pled by Plaintiff is that the three Calhoun Liberty Hospital Board members who she claims retaliated against her in 2016 and 2020 sat on the board during the entire relevant eleven-year timeframe and presumably knew of the 2009 lawsuit. (Doc. 12, ¶¶ 14 & 25). There is no other causal connection between these events and Plaintiff has not articulated the causal connection in her Response.[8]

### A. Plaintiff Has Not Established She Suffered Some Adverse Employment Action.

The parties agree that the well settled elements of a retaliation claim require Plaintiff to allege she suffered some adverse employment action. (Doc. 18, pp. 18 – 19; Doc. 23, p. 2). Calhoun Liberty Hospital also recognized in its Motion that under the standard announced by the Supreme Court in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006), dissuading an employee from making or supporting a charge against their employer constitutes a material adverse employment action. (Doc. 18, p. 20). But Plaintiff does not allege this is the adverse employment action she suffered. (Doc. 12).

---

[8] Arguably, the fact Plaintiff was rehired in 2016, even when considered in the light most favorable to Plaintiff, suggests a break in the chain of causation – to the extent Plaintiff can plausibly assert that there is any causation between her 2009 lawsuit and the events in 2016, 2020 and 2021.

Nowhere in her Amended Complaint does Plaintiff allege that either she was (or a reasonable employee would have been) dissuaded from making or supporting a charge of discrimination against Calhoun Liberty Hospital. (Doc. 12). Instead, Plaintiff asserts that she "has been and continues to be subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her prior claims against Defendant and the fact that she reported and/or objected to matters of public concern regarding the Defendant and has been the victim of retaliation thereafter." (Doc. 12, ¶ 8). She also claims that "[a]s a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered . . . loss of benefits, . . . lost wages, lost opportunities, . . . and other tangible … damages," (Doc. 12, ¶ 56).

Because Plaintiff alleged an adverse employment action in her Amended Complaint, Calhoun Liberty properly pointed out in its Motion that any adverse employment action cannot be attributed to Calhoun Liberty Hospital because Calhoun Liberty Hospital neither employs Plaintiff nor controls the terms and conditions of Plaintiff's current employment with Liberty County. (*See generally* Doc. 18.)  Further, these allegations are directly contradicted by Plaintiff's statements and allegations.  *See* (Doc. 12-1, pp. 7 and 8)

Plaintiff's Response seeks to reframe the allegations in her Amended Complaint to now claim that Calhoun Liberty Hospital's alleged retaliation would

7

have a cooling effect on a reasonable employee (Doc. 23, p. 11), but Calhoun Liberty Hospital can only move to dismiss causes of action made based on the allegations that appear on the face of the Amended Complaint. For reasons addressed below, even applying the *Burlington* standard to Plaintiff's factual allegations, she fails to state a cause of action.

Any claim Plaintiff may have had for lost income related to allegations Calhoun Liberty Hospital failed to hire her for a permanent position in 2016 as retaliation for her 2009 lawsuit are time barred as Plaintiff concedes. (Doc. 23, p. 5). Because Plaintiff has admitted her current employer has taken no adverse action against her (Doc. 12-1, p. 8), Plaintiff's claims for monetary damages in Count I in the form of lost benefits, wages, and opportunities should be dismissed.

**B.    There Is No Alleged Causal Connection Between the 2009 Lawsuit and the Events of 2020.**

Even if Plaintiff could establish that the alleged mental anguish she suffered constitutes adverse employment action because it would chill a reasonable employee from filing an employment action against Calhoun Liberty Hospital, there must be a causal link between the protected activity and the adverse action to establish a *prima facie* case. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993).

Title VII protects former employees from retaliation for engaging in activity protected under Title VII. "Protected activity under Title VII includes opposing any employment practice made unlawful by the opposition clause in Title VII." *Stewart*

8

*v. Jones Util. & Contracting Co. Inc.*, 806 F. App'x 738, 742 (11th Cir. 2020). Plaintiff did not engage in protected activity under Title VII when she made a complaint to AHCA about patient care four years after her last date of employment.

Plaintiff alleges in her Amended Complaint and her Response that the alleged retaliation in 2020 arises from her 2020 non-employment related complaints made to a state agency about patient care. (Doc. 12, ¶ 23; Doc. 23, p. 4). In the section of the Amended Complaint titled, "Facts Pertaining to the Current Cause of Action," Plaintiff asserts that as an employee of Liberty County she filed a complaint related to patient care against a Calhoun Liberty Hospital physician with the Agency for Healthcare Administration ("AHCA") on July 22 and that Calhoun Liberty Hospital "immediately retaliated against Plaintiff in July 2020, when its employee … called Plaintiff's Supervisor … and stated that Sutton should fire Plaintiff." . (Doc. 12, ¶¶ 18, 21, 22 and 23). By Plaintiff's own admission, all the actions taken by Calhoun Liberty Hospital in July 2020—and any point after—were unrelated to Plaintiff's 2009 employment related lawsuit (the protected activity).

Count I of Plaintiff's Amended Complaint incorporates the factual allegations in the preceding paragraphs. (Doc. 12, ¶ 49). While Plaintiff asserts she has been the victim of retaliation for reporting unlawful employment practices (Doc. 12, ¶ 53), this allegation is contracted by her factual allegations and the exhibit to her Amended Complaint (Doc. 12, ¶¶ 22-23; 12-1, p. 4).

9

Plaintiff has failed to squarely address this issue in her Response. The closest she gets is to incorrectly state that the Amended Complaint asserts Calhoun Liberty Hospital told her current employer about the 2009 lawsuit (Doc. 23, p. 25); however, the allegations cited (Doc. 12, ¶¶ 21-24) do not reference the 2009 lawsuit. She also argues that the 2009 lawsuit is causally connected to the 2020 retaliation by referring to the AHCA complaint. (Doc. 23, p. 17). This argument merely underscores, and arguably concedes, the argument being made by Calhoun Liberty County – the 2020 AHCA complaint precipitated the alleged retaliation Plaintiff complains about, not the 2009 lawsuit. Thus, Plaintiff cannot show a causal connection between any Title VII protected activity and the alleged retaliation.

For the reasons stated above, Count I should be dismissed.

### III. Calhoun Liberty Withdraws its Arguments Related to the First Amendment Retaliation Claim.

In Count II, Plaintiff asserts that she is entitled to damages for a §1983 First Amendment retaliation claim arising out of a post-employment complaint made by her, in her capacity as a private citizen, against a private entity.

As the Response clarifies Plaintiff's alleged cause of action is brought in her capacity as a private citizen, not in her capacity as a public or former employee, Calhoun Liberty Hospital agrees that reliance on retaliation cases in the public employment context is misplaced to resolve this motion. Calhoun Liberty Hospital

therefore withdraws its arguments in the Motion to Dismiss predicated on this line of cases.

Plaintiff's Response also asserts that a reputational injury can give rise to Article III standing under the holding in *Shukh v. Seagate Tech., LLC*, 803 F.3d 659 (Fed. Cir. 2015) (Doc. 23 at 14). Calhoun Liberty Hospital asserts the opinion in *Shukh* is distinguishable because it did not evaluate a First Amendment claim brought under 42.U.S.C. § 1983, but instead evaluated whether the plaintiff had standing under 35 U.S.C. § 256 to bring claims related to the inventorship of certain disputed patents. *Id.* at 662. Although not cited in the Response, Calhoun Liberty Hospital recognizes that reputational, emotional, and psychological injuries may be compensable injuries for a First Amendment violation. *See McGriff v. City of Miami Beach*, 522 F. Supp. 3d 1225, 1240 (S.D. Fla. 2020) (citing *Meese v. Keene*, 481 U.S. 465, 472 (1987)). As Plaintiff has alleged she suffered mental anguish and loss of reputation (Doc. 12, ¶64), Calhoun Liberty Hospital withdraws its Article III standing arguments made in the Motion to Dismiss.

In her Response, Plaintiff correctly identifies the elements identified in the Eleventh Circuit Pattern Jury Instructions. (Doc. 23, p. 17 – 18). However, as noted in the first comment in the Annotations and Comments section of 11th Circuit Pattern Jury Instruction 5.1, "[t]his instruction applies to any claim in which a prisoner or private citizen who is not suing in his or her capacity as a public employee alleges

that a public official retaliated against him or her for exercising a constitutional right." This is because "the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *See Bell v. Sheriff of Broward Cnty.*, 6 F.4th 1374, 1376 (11th Cir. 2021). There are no allegations in the Amended Complaint that Calhoun Liberty Hospital was acting under the color of law at any time relevant to the allegations or that its board members are public officials. Calhoun Liberty Hospital disputes it can be held liable for a §1983 First Amendment retaliation claim but recognizes this issue was not expressly raised in the Motion to Dismiss. As this issue may ultimately determine the success of Plaintiff's claim, Calhoun Liberty Hospital would request the Court deny the Motion to Dismiss as to Count II without prejudice so Calhoun Liberty Hospital can address this issue in a subsequent motion to dismiss or motion for judgment on the pleadings.

### IV.     Conclusion.

For the reasons set forth above, and as stated in Calhoun Liberty Hospital's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law, Calhoun Liberty Hospital asks the Court to dismiss Count I of Plaintiffs' Amended Complaint.

### **CERTIFICATE OF WORD COUNT**

I HEREBY CERTIFY that the total word count for the Motion and

Memorandum, including the case style, signature block, and any certificate of service, is 3031 words.

## CERTIFICATE OF SERVICE – CM/ECF

I hereby certify that on November 16th, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide notice to the attorney for Plaintiff, Marie A. Mattox, Esq. (marie@mattoxlaw.com), Marie A. Mattox, P.A., 203 North Gadsden Street, Tallahassee, FL 32301.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Ginger Barry Boyd*
Ginger Barry Boyd, Esq.
Florida Bar Number: 294550
ginger.boyd@nelsonmullins.com
tonia.mcknight@nelsonmullins.com
215 S. Monroe Street, Suite 400
Tallahassee, FL 32301
Tel. 850-907-2556; Fax. 850-681-9792

Avery G. Carter, Esq.
NELSON MULLINS RILEY & SCARBOROUGH LLP
Florida Bar Number: 1031503
avery.carter@nelsonmullins.com
201 17th Street NW | Suite 1700
Atlanta, Georgia 30363
Tel. 404-322-6110; Fax. 404- 322-6050
*Counsel for Defendant*